**GUOXIAN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 04–74405.**

**Agency No. A95–198–488.**

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Douglas Grant Ingraham, Law Offices, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Phoenix, AZ, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Guoxian Wang, a native of China and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the denial of his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review due process claims de novo, *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000), and we dismiss in part and deny in part the petition for review.

Petitioner contends in his brief to this court that the IJ erred by denying his asylum, withholding of removal, and CAT claims. Because petitioner failed to raise any of these claims before the BIA, we lack jurisdiction to consider the contentions. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (stating this court lacks jurisdiction to consider issues not exhausted before the agency).

Petitioner also contends that the IJ abused his discretion and violated petitioner's due process rights by denying petitioner's request for a continuance prior to the hearing. Because petitioner had requested and received five continuances prior to this request, and had ample time to prepare his case, petitioner fails to show that the IJ abused his discretion in denying the last continuance request. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (holding that it was not an abuse of discretion to deny a motion for continuance where multiple continuances had already been granted).

Petitioner also fails to establish a due process violation because he fails to show prejudice. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.